## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff-Respondent

v.                                    No. CIV-05-0260 LH/ACT
                                              CR-95-594 LH

NORMA JANET CARMONA-TREJO,

     Defendant-Movant.

### MEMORANDUM OPINION AND ORDER

     This matter is before the Court to consider Defendant's memorandum filed in response to the order of April 13, 2005, and for further consideration of her motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 115) filed March 8, 2005.  *See* 28 U.S.C. § 2255 R. 4(b).   Defendant pled guilty to drug charges, and on May 21, 2004, the Court entered judgment on the conviction.  Defendant did not appeal her conviction or sentence.  She now asserts a claim of illegal sentence.

     Defendant invokes the Supreme Court's recent decision in *Blakely v. Washington*, --- U.S. ---, 124 S. Ct. 2531 (2004), and *United States v. Booker*, --- U.S. ---, 125 S. Ct. 738 (2005), as the basis for challenging her sentence.  *Blakely* applied the rule announced by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that a sentence greater than the statutory maximum must be based on facts found by a jury beyond a reasonable doubt. *See Blakely*, 124 S. Ct. at 2536.  In *Blakely* the Court set aside a state court sentence greater than the state's guideline range for the offense stipulated in the defendant's guilty plea.  124 S. Ct. at 2538.  The more recent decision in *Booker*, 125 S. Ct. at 764 (2005), declared the mandatory application of the United States

Sentencing Guidelines unconstitutional.

These recent Supreme Court rulings are not available to Defendant on collateral review of her criminal conviction. *See United States v. Meza-Hernandez*, No. 04-4295, 2005 WL 1231927, at *2 (10th Cir. May 25, 2005) (noting that *Booker* does not apply retroactively after a conviction is final); *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005); *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004). For purposes of retroactivity analysis, the decision in *Blakely* merely applies the previously announced rule from *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), *see Blakely*, 124 S. Ct. at 2536, and thus provides no avenue to Defendant in a § 2255 proceeding, *see Leonard*, 383 F.3d at 1148. These decisions apply only to pending cases and those on direct review. *See Booker*, 125 S. Ct. at 769; *Meza-Hernandez*, 2005 WL 1231927, at *2. Defendant is not entitled to relief under these decisions, *see* § 2255 R. 4(b), and the Court will dismiss her motion.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence (CV Doc. 1; CR Doc. 115) filed March 8, 2005, is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE